IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**NAUTILUS INSURANCE COMPANY,**

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No.: 1:19-CV-23 (Keeley)

**THE FROSTED MUG, LLC and
JOHN DOE ONE.**

      **Defendants.**

ELECTRONICALLY FILED
Feb 14 2019
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT FOR DECLARATORY RELIEF

Nautilus Insurance Company ("Nautilus") by counsel, Lee Murray Hall, Jason D. Bowles, and Jenkins Fenstermaker, PLLC, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, respectfully requests that this Court declare the rights and responsibilities of the parties relative to a contract of insurance issued by Nautilus to The Frosted Mug, LLC ("Frosted Mug"). In support of its Complaint for Declaratory Relief, Nautilus states as follows:

### PARTIES

1. Nautilus is an Arizona corporation engaged in the business of insurance, and its policies are sold and delivered in the State of West Virginia. Its principal place of business is located at 7233 E Butherus Drive, Scottsdale, Arizona 85260.

2. Defendant Frosted Mug is a limited liability corporation organized under the laws of the State of West Virginia, with its principal place of business located at 1103 Green Bag Road, Morgantown, West Virginia 26508.

3.     Upon information and belief, Defendant John Doe One was an employee of Frosted Mug and a resident of Monongalia County, West Virginia at times relevant to this Complaint.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 1332, in that the parties in the Complaint are of diverse citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and attorneys' fees.

5.     This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, and Federal Rule of Civil Procedure 57.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred within this District.

## FACTS

7.     The Frosted Mug was insured by Nautilus under Policy No. NN626478 ("the Policy"), which provided Commercial General Liability Coverage for a policy period from November 23, 2015 through June 25, 2016.  The Commercial General Liability Coverage provided occurrence-based coverage with limits of $1,000,000 per claim and $2,000,000 aggregate. A copy of the Policy is attached as Ex. 1.

8.     On or about February 7, 2016, Jody Patrick Murray ("Mr. Murray") was a patron of Frosted Mug in Morgantown, West Virginia.

9.     Mr. Murray claims that he was injured during a physical altercation at the Frosted Mug. Specifically, Mr. Murray alleges that he exited the Frosted Mug following a minor altercation. Mr. Murray subsequently reentered the establishment and contends that he was attacked for a second time, "placed in a chokehold and pushed face-first into the ground."

10. As a result of the alleged attack, Mr. Murray filed a Complaint in the Circuit Court of Monongalia County, West Virginia on February 7, 2018.

11. Mr. Murray named as defendants Frosted Mug, its purported employee—John Doe One, and a purported patron—John Doe Two.

12. Mr. Murray's Complaint ("underlying Complaint") contains three counts for which Frosted Mug now seeks defense and indemnification.

13. Count I of the underlying Complaint alleges that Frosted Mug and John Doe One failed to properly secure, manage, and supervise the premises and personnel, or otherwise warn and/or protect Mr. Murray from the alleged dangers that existed on the premises.

14. Count II of the underlying Complaint asserts a claim for assault and battery based on purportedly unwanted touching of Mr. Murray by John Doe One and John Doe Two.

15. Count III of the underlying Complaint asserts that Frosted Mug and John Doe One acted negligently and/or recklessly in causing Mr. Murray to suffer severe personal injuries and damages.

16. Mr. Murray seeks to recover damages for medical expenses, lost wages, pain and suffering, loss of enjoyment of life, as well as punitive damages.

## COUNT I

### THERE HAS BEEN NO OCCURRENCE TO TRIGGER COVERAGE

17. Nautilus restates the allegations in Paragraphs 1-16 of the Complaint as if fully set forth herein.

18. The Policy provides coverage as follows:

***SECTION I – COVERAGES***

***COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY***

3

    *1.     Insuring Agreement*

        *a.*    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*

. . .

        *b.*    *This insurance applies to "bodily injury" and "property damage" only if:*

            *(1)*    *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

            *(2)*    *The "bodily injury" or "property damage" occurs during the policy period; and*

            *(3)*    *Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

*See* Ex. 1 at CG 00 01 (12/04), p. 1 of 15.

      19.    "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id*. at CG 00 01 (12/04), p. 14 of 15.

      20.    Counts I-III of the underlying Complaint are each based on the intentional acts of assault and battery. Intentional acts do not constitute an accident so as to come within the purview of the Policy's definition of "occurrence."

21. Thus, Nautilus seeks a declaration that the conduct giving rise to the underlying Complaint was not caused by an "occurrence" and is precluded from coverage.

## COUNT II

## THE ASSAULT AND BATTERY EXCLUSION APPLIES TO EXCLUDE COVERAGE

22. Nautilus restates the allegations in Paragraphs 1-21 of the Complaint as if fully set forth herein.

23. The Policy contains an Assault or Battery Exclusion, which provides:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

*EXCLUSION – ALL ASSAULT OR BATTERY*

*This endorsement modifies insurance provided under the following:*

*Commercial General Liability Coverage Part*

*A. The following exclusion is **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal and Advertising Injury Liability**, and **Coverage C – Medical Payments:***

*Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal advertising injury" or medical payments arising out of any:*
1. *Actual or alleged assault or battery;*
2. *Physical altercation; or*
3. *Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.*

*This exclusion applies regardless of whether such actual or alleged damages are caused by any:*
1. *Insured;*
2. *"Employee";*
3. *Patron; or*
4. *Any other person; and*

*This exclusion applies to:*

5

1. *All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.*
2. *Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:*
    a. *Emotional distress for loss of society, services, consortium or income; or*
    b. *Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm, or organization; or*
3. *Any obligation to share damages with or repay someone who must pay damages because of injury.*

**B.** *We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation.*

*All other Terms and Conditions of this policy remain unchanged.*

Ex. 1 at L210 (02/08).

24. Counts I-III of the underlying Complaint arise from alleged assault and battery, physical altercation, and alleged omissions on the part of Frosted Mug and John Doe One to prevent the altercation.

25. The Assault and Battery Exclusion plainly and unambiguously instructs that Nautilus has no duty to defend or indemnify Frosted Mug or its employee for claims arising from assault and battery, physical altercation, and/or acts or omissions related to the same. *Id*.

26. Because the underlying Complaint is based entirely on assault and battery, a physical altercation, and the alleged failure to prevent an assault, Nautilus seeks a declaration that the Assault and Battery Exclusion defeats coverage.

## COUNT III

## **THERE IS NO COVERAGE FOR MEDICAL PAYMENTS**

27. Nautilus restates the allegations in Paragraphs 1-26 of the Complaint as if fully set forth herein.

28. The Policy also includes a $5,000 medical payment limit.  This coverage is available as follows:

*COVERAGE C – MEDICAL PAYMENTS*

*1.  Insuring Agreement*

*a.  We will pay medical expenses as described below for "bodily injury" caused by an accident:*

*(1) On premises you own or rent;*
*(2) On ways next to premises you own or rent; or*
*(3) Because of your operations;*

*provided that:*

*(a) The accident takes place in the "coverage territory" and during the policy period;*
*(b) The expenses are incurred and reported to us within one year of the date of the accident; and*
*(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.*

*b.  We will make these payments regardless of fault.  These payments will not exceed the applicable limit of insurance.  We will pay reasonable expenses for:*

*(1) First aid administered at the time of an accident;*
*(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices, ; and*
*(3) Necessary ambulance, hospital, professional nursing and funeral services.*

Ex. 1 at CG00 01 (12/04), p. 7 of 15.

7

Coverage C provides the following exclusions:

*2. Exclusions*

>*We will not pay expenses for "bodily injury":*
>*. . .*
>
>*g. Coverage A Exclusions*
>*Excluded under Coverage A.*

Id.

29. The Assault and Battery Exclusion expressly states that it does not apply to liability for damages for medical expenses arising out of an "assault", "battery", or "physical altercation" as defined by the Endorsement. Ex. 1 at L210 (02/08).

30. Thus, Nautilus seeks a declaration that the Assault and Battery Exclusion would also operate to exclude coverage under the Policy's Medical Payments section.

### COUNT IV

### THE TOTAL LIQUOR LIABILITY EXCLUSION ENDORSEMENT APPLIES TO EXCLUDE COVERAGE

31. Nautilus restates the allegations in Paragraphs 1-30 of the Complaint as if fully set forth herein.

32. The Policy contains a liquor liability exclusion, which states as follows:

*2. Exclusions*

*This insurance does not apply to:*

*. . .*

>*c. Liquor Liability*
>*"Bodily injury" or "property damage" for which any insured may be held liable by reason of:*
>
>*(1) Causing or contributing to the intoxication of any person;*

8

> *(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
> *(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*
>
> *This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.*

*Id*. at CG 00 01 (12/04), p. 2 of 15.

33.     This exclusion is modified as follows:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

*EXCLUSION – TOTAL LIQUOR LIABILITY*

*This endorsement modifies insurance provided under the following:*

***Commercial General Liability Coverage Part***

*Exclusion c. under Paragraph 2., Exclusions of COVERAGE A. Bodily Injury and Property Damages (Section I – Coverages) is **replaced** by the following:*

> *c. Liquor Liability*
>
> *"Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:*
>
> *(1) Causing or contributing to the intoxication of any person;*
> *(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
> *(3) Any statute, ordinance or regulation regulating to the sale, gift, distribution or use of alcoholic beverages.*

*All other Terms and Conditions of this Policy remain unchanged.*

*Id*. at S009 (02/95).

34. To the extent the underlying Complaint arises from intoxication or the furnishing of alcohol, the plain and unambiguous language of the Endorsement to the Total Liquor Liability Exclusion operates to preclude coverage.

35. Accordingly, Nautilus seeks a declaration that the Endorsement to the Total Liquor Liability Exclusion applies to defeat coverage.

## COUNT V

### THE PUNITIVE DAMAGES EXCLUSION APPLIES

36. Nautilus restates the allegations in Paragraphs 1-35 of the Complaint as if fully set forth herein.

37. The Policy precludes coverage for punitive or exemplary damages as follows:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

*EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES*

*This endorsement modifies insurance provided under the following:*

> *Commercial General Liability Coverage Part*
> *Liquor Liability Coverage Part*
> *Owners and Contractors Protective Liability Coverage Part*
> *Products/Completed Operations Liability Coverage Part*

*The following exclusion is **added** to **2. Exclusions** of **Section I:***

*This insurance does not apply to punitive or exemplary damages.*

*All other terms and conditions of this policy remain unchanged.*

*Id*. at L217 (06/07).

38. The underlying Complaint seeks an award of punitive damages as a result of the underlying Defendants' alleged actions.

39. An insurance company may decline to insure against punitive damages by an express exclusion in its policy to that effect. *See Hensley v. Erie Ins Co.*, 283 S.E.2d 227, 230

10

(W. Va. 1981); *see also State ex rel. State Auto Ins. Co. v. Risovich*, 511 S.E.2d 498 (W. Va. 1998).

40. Accordingly, Nautilus seeks a declaration that the Punitive Damages Exclusion excludes coverage for certain damages sought in the underlying Complaint.

**WHEREFORE**, Nautilus Insurance Company respectfully requests that the Court declare the following relief:

1. That based on the language in the Policy, the claims asserted by Jody Patrick Murray are not covered by the Policy and therefore, Nautilus has no duty to defend or indemnify Underlying Defendants for the allegations therein;

2. The Policy does not provide coverage for medical payments or punitive damages as alleged in the underlying Complaint; and

3. For such further relief as this Court deems proper.

**NAUTILUS INSURANCE COMPANY,**

**By counsel,**

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB #6447)
Jason D. Bowles, Esquire (WVSB #12091)
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, West Virginia  25726-2688
Phone: (304) 523-2100
Fax: (304) 523-2347

11