```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NAUTILUS INSURANCE COMPANY,**

        **Plaintiff,**

v.                                        **CIVIL ACTION NO. 1:19CV23**
                                                          **(Judge Keeley)**

**THE FROSTED MUG, LLC;**
**JOHN DOE ONE; and JODY**
**PATRICK MURRAY**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S**
**MOTION FOR DEFAULT AND SUMMARY JUDGMENT [DKT. NO. 31]**

On February 7, 2016, Jody Patrick Murray ("Murray") was injured during a physical altercation at the Frosted Mug, LLC ("the Frosted Mug"), a bar in Morgantown, West Virginia. As a result, Murray sued the Frosted Mug, John Doe One (an employee of the Frosted Mug), and John Doe Two (a patron of the Frosted Mug) in the Circuit Court of Monongalia County, West Virginia. The plaintiff in this case, Nautilus Insurance Company ("Nautilus"), is the insurer of the Frosted Mug and has filed a complaint seeking a declaratory judgment that it is not required to defend or indemnify the Frosted Mug or John Doe One under its commercial general liability insurance policy ("the Policy") in effect at the time of the altercation (Dkt. No. 1).[1]

Pending is Nautilus's motion for default and summary judgment

---

[1] All docket and page numbers refer to the numbers assigned by the Court's electronic docket.

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

against the Defendants (Dkt. No. 31).[2] For the reasons that follow, the Court **GRANTS** the motion (Dkt. No. 31) and **DECLARES** that Nautilus has no duty to defend or indemnify the Frosted Mug and John Doe One in the underlying state court litigation.

### I. BACKGROUND[3]

On February 7, 2016, Murray's neighbors invited him to the Frosted Mug to celebrate their daughter's 22nd birthday. When Murray arrived around 9:30 p.m., Billy Daft ("Daft") was working security at the front door, and Donny Cutright ("Cutright"), an off-duty security guard, was standing nearby.

At some point during the birthday party, Daft separated Murray from Ryan Shaver, a friend of Murray's neighbor, and Daft and Cutright escorted Murray outside. Daft stated he did not want Murray to have any trouble with Shaver, but Murray claimed they

---

[2] Because Nautilus seeks both a default judgment and a judgment on the merits, the Court construes its motion as one for a default judgment against the Frosted Mug and one for summary judgment against John Doe One and Murray.

[3] Generally, when considering a motion for default judgment, the Court must accept as true the well-pleaded factual allegations in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001); Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC, 958 F. Supp. 2d 588, 593 (D. Md. 2013). However, because Nautilus ultimately seeks a judgment on the merits, the Court recites the facts in the light most favorable to Murray, the non-moving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).

2

were just hugging. Murray then returned to the birthday party, got another beer, and continued drinking.

Later, Murray's wife, Tracy Lynn Murray, and his sister, Joanne Blosser, walked into the Frosted Mug, and his wife asked him if he was there with a couple of women. As the two argued, Daft walked over and inquired whether there was a problem. After an exchange of words, with other customers gathering, Daft shoved Murray and chaos ensued. One person dragged Murray outside, choking him in the process, and another punched him in the head. Murray was knocked unconscious and fell to the ground, after which someone kicked him and jumped on top of him.

Eventually, Murray regained consciousness and found himself at the local hospital, where he was treated for his injuries. He later sued the Frosted Mug and two John Does in state court to recover compensatory and punitive damages. Following on that, Nautilus filed the instant litigation seeking a declaration of no duty to defend or indemnify the Frosted Mug and its employee, John Doe One, in the state court action (Dkt. No. 1).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a), (c)(1)(A). The Court must avoid weighing the evidence or determining its truth, and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

### III. APPLICABLE LAW

The Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In the Fourth

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

Circuit, "a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937) (internal citation omitted)).

Here, because the entry of a declaratory judgment will resolve the parties' dispute, the Court's exercise of jurisdiction over this matter is proper. Pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), the applicable law in a diversity case such as this is determined by the substantive law of the state in which a district court sits.[4] The parties agree that the substantive law of West Virginia governs the interpretation and application of the insurance policy at issue.

## IV. DISCUSSION

Nautilus seeks both a default judgment against the Frosted Mug and a judgment on the merits against defendants John Doe One and Murray. Because these defendants, including Murray, are not bound

---

[4] It is undisputed that the parties are diverse and more than $75,000 is in controversy. Thus, the Court has subject matter jurisdiction over this matter. See 28 U.S.C. § 1332.

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

by a default judgment, the Court turns first to discuss the merits of the declaratory judgment action. See Scottsdale Inc. Co. v. Bounds, No. BEL-11-2912, 2012 WL 1576105, at *5 (D. Md. May 2, 2012) ("[T]he injured third party is 'not bound by the default judgment' and is 'entitled to defend on the merits in the declaratory judgment proceeding.'").

A. **Declaratory Judgment**

Under West Virginia law, liability insurance policies establish two main duties on the part of the insurer, the duty to defend and the duty to indemnify. See, e.g., Aetna Cas. & Sur. Co. v. Pitrolo, 342 S.E.2d 156, 160 (W. Va. 1986); Donnelly v. Transportation Insurance Co., 589 F.2d 761, 765 (4th Cir. 1978). As a general rule, an insurer's duty to defend is triggered when "the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." Pitrolo, 342 S.E.2d at 160; see also Syl. Pt. 2, Farmers & Mechanics Mut. Ins. Co. of W. Va. v. Cook, 557 S.E.2d 801, 802 (W. Va. 2001). If any of the claims against the insured might trigger coverage, the insurer must defend against all the claims asserted. See Horace Mann Ins. Co. v. Leeber, 376 S.E.2d 581, 584 (W. Va. 1988) (citing Donnelly, 589 F.2d at 765). Nevertheless, the insurer need not provide a defense if the claims

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

against the insured are "entirely foreign to the risk insured against." Air Force Ass'n v. Phoenix Ins. Co., 1990 WL 12677, at *2 (4th Cir. 1990) (citing Donnelly, 589 F.2d at 765).

The specific wording of an insurance policy determines whether it provides coverage for a particular claim. See Beckley Mechanical, 374 Fed. App'x at 383; Cherrington v. Erie Ins. Property and Cas. Co., 745 S.E.2d 508, 524 (W. Va. 2013). Indeed, "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. Pt. 8, Cherrington, 745 S.E.2d at 511 (internal quotations and citations omitted). Courts should not endeavor to interpret policy provisions unless they are unclear or ambiguous. Id. Instead, courts must give terms and provisions their meaning in the "plain, ordinary and popular sense, not in a strained or philosophical sense." Polan v. Travelers Ins. Co., 192 S.E.2d 481, 484 (W. Va. 1972); see also Syl. Pt. 9, Cherrington, 745 S.E.2d at 511.

Here, Nautilus contends that, under the plain and unambiguous terms of its Policy, it is not required to defend or indemnify the Frosted Mug or John Doe One because (1) physical altercations are not an "occurrence" covered by the Policy, and (2) coverage is excluded under the assault-and-battery exclusion (Dkt. No. 32 at 6-

7

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

15).[5] The Court will address each claim in turn.

1. **Assault and Battery is Not an "Occurrence" Covered by the Policy**

To determine whether a physical altercation is a covered "occurrence," the Court begins with the relevant text of the Policy:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **INSURING AGREEMENT**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurances does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
>      . . .
>
>    b. This insurances applies to "bodily injury" and "property damage" only

---

[5] Because these arguments are dispositive, the Court need not address Nautilus's remaining contentions (Dkt. No. 32 at 13-16).

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

>  if:
>  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>  **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Dkt. No. 1-1 at 10).

The Policy defines an "occurrence," as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. at 23. The question presented here is whether the physical altercation that occurred on February 7, 2016, was "an accident" covered under the Policy.

9

**NAUTILUS V. THE FROSTED MUG, ET AL.**                          **1:19CV23**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S**
**MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

    In Mt. Vernon Fire Ins. Co. v. Dobbs, 873 F. Supp. 2d 762, 765 (N.D. W. Va. 2012) (Stamp, J.), this Court considered whether an insurance company had a duty to defend or indemnify two employees of a bar who assaulted and battered one of its patrons. There, like here, the insurance coverage applied to "bodily injury and property damage only if, 'the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."'" Id. (quoting the insurance policy). As in this case, the policy at issue defined an "occurrence" as "'an accident, including continuous or repeated exposure to substantially the same general harmful conditions.'" Id. (quoting same). Because the plaintiff's assault was not an accident, Judge Stamp concluded that it was not "an occurrence" under the policy, and the insurance company therefore had no duty to defend or indemnify the bar employees. Id. at 765-66.

    The policy here, as in Dobbs, "applies to 'bodily injury' and 'property damage' only if . . . [it] is caused by an 'occurrence,'" which is defined as "an accident" (Dkt. No. 1-1 at 10, 23). The physical altercation at the Frosted Mug was no accident. In his own words, Murray was shoved, punched, choked, kicked, knocked unconscious, and dragged from the Frosted Mug (Dkt. No. 31-2 at 11, 14-15, 17-18). Because these acts were intentional, they are not

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

"an occurrence" under the Policy.

In an attempt to avoid this conclusion, Murray contends that, although the alleged assault and battery may not be an "occurrence," he has also alleged a cause of action for negligence, which is an "occurrence" that would trigger coverage under the Policy (Dkt. No. 33 at 2-3). As clearly explained in Dobbs, however, Murray "cannot mischaracterize intentional acts as negligence claims in order to avoid the exclusions contained within the insurance policy." Dobbs, 873 F. Supp. 2d at 766 (citing Evanston Ins. Co. v. Radcliff, No. 5:05-0230, 2006 WL 328147, at *3 (S.D. W. Va. Feb. 10, 2006) ("Under West Virginia law, a plaintiff cannot bypass the intentional act exclusion by including negligence-type allegations when the complaint essentially alleges intentional conduct.")). At bottom, Murray's state court complaint and his deposition testimony describe an intentional assault and battery, which is not covered "occurrence" under the Policy.

2. **The Policy Excludes Coverage for Assault and Battery**

Nautilus alternatively contends that the Policy excludes coverage for assault and battery (Dkt. No. 32 at 8-11). Again, the Court looks to the relevant text:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
> READ IT CAREFULLY.

11

**NAUTILUS V. THE FROSTED MUG, ET AL.** 1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

**EXCLUSION - ALL ASSAULT OR BATTERY**

> This endorsement modifies insurance provided under the following:
>
> > COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability, and Coverage C - Medical Payments:**
>
> > Regardless of culpability or intent of any person, this insurances does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:
> > 1. Actual or alleged assault or battery;
> > 2. Physical altercation; or
> > 3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.
> >
> > This exclusion applies regardless of whether such actual or alleged damages are caused by any:
> > 1. Insured;
> > 2. "Employee";
> > 3. Patron; or
> > 4. Any other person; and
> >
> > whether or not such damages occurred at any premises owned or occupied by any insured.
> >
> > This exclusion applies to:
> > 1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but

> > not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.
> > 2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation and specifically excludes from coverage claims or "suits" for:
> >    a. Emotional distress for loss of society, services, consortium or income; or
> >    b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or
> > 3. Any obligation to share damages with or repay someone who must pay damages because of the injury.
> > B. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation.
>
> . . .
>
> All other terms and conditions of this policy remain unchanged.

(Dkt. No. 1-1 at 36).

During the physical altercation on February 7, 2016, Murray was shoved, punched, choked, kicked, knocked unconscious, and

**NAUTILUS V. THE FROSTED MUG, ET AL.**                              **1:19CV23**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

dragged from the Frosted Mug (Dkt. No. 31-2 at 11, 14-15, 17-18). Each of these intentional acts qualifies as an assault, a battery, or, at the least, a physical altercation, all of which are excluded under the plain language of the Policy. See Dobbs, 873 F. Supp. 2d at 766 ("Clearly, the alleged assault upon Dobbs cannot be construed as an accident, and even if it could, the policy specifically excludes any claim based on assault or battery.").

Murray insists that his removal from the Frosted Mug was negligence, and therefore, does "not fall within this particular exclusion" (Dkt. No. 33 at 3, 3-4). But again, Murray "cannot mischaracterize intentional acts as negligence claims in order to avoid the exclusions contained within the insurance policy." Dobbs, 873 F. Supp. 2d at 766 (citing Radcliff, 2006 WL 328147, at *3). To be sure, Murray testified that he was pulled backwards and dragged from the Frosted Mug, where he was kicked in the face and beaten up (Dkt. No. 32-2 at 17-19, 21). In other words, his "removal" was not a separate and distinct act from the assault and battery, but a continuation of the assault, battery, or physical altercation that began inside and ended outside the Frosted Mug. Accordingly, the assault-and-battery exclusion precludes coverage under the Policy.

**B. Default Judgment**

Nautilus also seeks a default judgment against the Frosted the

**NAUTILUS V. THE FROSTED MUG, ET AL.**  1:19CV23

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENTS [DKT. NO. 31]**

Mug (Dkt. Nos. 31, 32 at 4-6). Because the Frosted Mug has failed to plead or otherwise defend itself in this case, despite having been properly served with the amended and second amended complaints (Dkt. Nos. 25, 31-4), the Court grants Nautilus's motion for default judgment (Dkt. No. 31).

### V. CONCLUSION

For the reasons discussed, the Court **GRANTS** Nautilus's motions (Dkt. No. 31), and **DECLARES** it has no duty to defend or indemnify the Frosted Mug and John Doe One on Murray's underlying claims.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of Nautilus, to transmit copies of both orders to counsel of record, and to strike the case from its active docket.

DATED: May 14, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE